IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BENNETT SAPIA, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 14-cv-07946 |
| v. ) | |
| ) | Judge Andrea R. Wood |
| BOARD OF EDUCATION OF ) | |
| THE CITY OF CHICAGO, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Bennett Sapia, Joel Passmore, and Annette Hall claim that they were laid off from tenured positions as teachers for Defendant Board of Education of the City of Chicago ("Board") without first receiving the benefit of the procedures required for terminations of tenured educators. Plaintiffs claim that the layoffs denied them due process of law and they seek damages and declaratory relief for themselves and a proposed class of similarly-situated teachers. Now before the Court is the Board's motion to dismiss Plaintiffs' first amended complaint ("Complaint") pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for relief. For the reasons discussed below, the Board's motion is denied.

## BACKGROUND

Plaintiffs allege that they were all tenured teachers in the Board's school system when they received layoff notices—Passmore in July 2012, and Sapia and Hall in October 2012. (First Am. Compl. ¶¶ 26, 47, 62, Dkt. No. 21.) They claim that they had each received consistently good performance evaluations during their careers but received "Unsatisfactory" ratings shortly before they were notified of their layoffs. (*Id.* ¶¶ 19, 22, 36, 46, 55, 59.) The parties do not dispute that in deciding which teachers would be laid off, the Board looked first to those with

unsatisfactory ratings, including tenured teachers, before considering others with less seniority and no tenure.

Plaintiffs assert that the Illinois School Code prohibits removal of tenured teachers except for cause and also mandates specific pre-termination evaluation and decision procedures plus administrative review of any adverse decision. *See* 105 ILCS 5/34-85. By laying them off and exposing them to the resulting stigma without providing them with the mandated opportunity to vindicate themselves, Plaintiffs argue, the Board denied them due process of law in violation of the Fourteenth Amendment to the United States Constitution. Each of the three counts of the Complaint asserts a version of Plaintiffs' due process claim: Count I alleges deprivation of due process based on the "pre-termination rights of teachers;" Count II is based on the "post-termination rights of teachers;" and Count III claims a due process violation based on injuries to Plaintiffs' reputations. Plaintiffs seek relief under 42 U.S.C. § 1983 for damages from the layoffs and to their reputations, the latter of which allegedly have hindered their prospects for future employment.

## DISCUSSION

When assessing the sufficiency of a complaint under Rule 12(b)(6), this Court accepts all well-pleaded allegations as true and views them in the light most favorable to the plaintiffs. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). The complaint must provide enough factual information to state a claim that is plausible on its face and to raise a right to relief above the speculative level. *Doe v. Vill. of Arlington Heights*, 782 F.3d 911, 914 (7th Cir. 2015).

To demonstrate a procedural due process violation based on deprivation of a property right, a plaintiff must establish: (1) a cognizable property interest; (2) a deprivation of that property interest; and (3) a denial of due process. *Khan v. Bland,* 630 F.3d 519, 527 (7th Cir.

2010) (citing *Hudson v. City of Chi.*, 374 F.3d 554, 559 (7th Cir. 2004). The Due Process Clause of the Fourteenth Amendment protects but does not create substantive rights; those rights must be established by other sources, such as contracts or state law. *O'Gorman v. City of Chi.*, 777 F.3d 885, 890 (7th Cir. 2015). Public employees have been held to have a protected interest in their jobs if an identified contract or statute creates a legitimate expectation of continued employment. *See Redd v. Nolan*, 663 F.3d 287, 296 (7th Cir. 2011) ("To show a legitimate expectation of continued employment under Illinois law that could support a due process claim, [the plaintiff] must point to a state law, an ordinance, a contract, or some other understanding limiting [the defendant's] ability to discharge her.").

It is well-settled that the Illinois School Code affords tenured teachers no expectation of continued employment in the face of a layoff. *See, e.g.*, *Chi. Teachers Union, Local No. 1 v. Bd. of Educ. of City of Chi.*, 963 N.E.2d 918, 924 (Ill. 2012); *Land v. Bd. of Educ. of City of Chi.*, 781 N.E.2d 249, 256 (Ill. 2002). Nor does the statute afford tenured teachers a right to preferential consideration for positions. *Price v. Bd. of Educ. of City of Chi.*, 755 F.3d 605, 609 (7th Cir. 2014). No protectable due process property right is created by the Illinois School Code in the layoff context.

Nor was any such right created by the operative collective bargaining agreement between the Board and Plaintiffs' union. Plaintiffs contend that the operative agreement for the purpose of defining that right is a 2007 collective bargaining agreement that by its own terms expired June 30, 2012—*i.e.*, before any of the layoffs at issue. (2007 Collective Bargaining Agt., First Am. Compl. Ex D, Dkt. No. 21-4.) The successor agreement, effective July 1, 2012, explicitly made teachers with unsatisfactory ratings, regardless of tenure or seniority, first in the order of those to be laid off. (2012 Collective Bargaining Agt. Appx. H. at 273, Mot. to Dismiss Ex. D, Dkt. No.

3

25-4).[1] Plaintiffs believe that the question of which agreement governs this dispute should be determined by the dates of their unsatisfactory performance ratings, and they argue that their view regarding the application of the 2007 agreement must be accepted as true at the pleading stage. But the Court is not bound to accept a pleader's allegations regarding the effect of an exhibit and instead may independently examine the document and reach its own conclusions on its proper construction. *Rosenblum v. Travelbyus.com Ltd.*, 299 F.3d 657, 661 (7th Cir. 2002). With this lawsuit, Plaintiffs seek relief for layoffs that occurred during the term of the 2012 agreement, not for their original performance ratings. Since the 2012 agreement explicitly allowed the layoff procedure at issue, it did not create employment expectations violated by that procedure.

Plaintiffs thus have failed to allege the existence of a right to continued employment such that the Due Process Clause would protect them against layoffs, and they further have failed to state a sufficient claim for relief based upon injuries caused by the use of their performance ratings to determine their eligibility for layoffs. That failure does not conclude the analysis of their complaint, however, as the case law establishes the absence of a protectable property interest in the context of layoffs, not discharges. As one court has explained:

> As [the] case law distinguishing discharges and layoffs makes clear, it is then very important to determine whether a tenured teacher's termination was motivated by a performance-based reason or an economic one. The difference determines whether process is "due" to that teacher. If the reasons driving a layoff are economic, the Board can consider employee performance and qualifications when deciding whom to lay off. Indeed, section 34–18(31) envisions that these factors would be relevant if the Board formerly adopted layoff procedures. But if the Board is targeting a tenured teacher solely for performance issues, the teacher has a protected property interest under section 34–84 and is entitled to due process.

---

[1] The 2012 Collective Bargaining Agreement may be considered at this stage of the proceedings without triggering summary judgment procedures because it is critical to Plaintiffs' complaint and referred to therein. *Geinosky v. City of Chi.*, 675 F.3d 743, 750, n.1 (7th Cir. 2012).

*Ferkel v. Bd. of Educ. of City of Chi.*, 45 F. Supp. 3d 824, 835 (N.D. Ill. 2014).

The Board contends that there is no dispute that each Plaintiff was laid off. But while the Complaint does indicate that each Plaintiff's change in employment status was labeled a "layoff" and Plaintiffs themselves frequently adopt that label in describing what happened, other allegations in the Complaint raise the inference that the label was a disguise for other motives. Indeed, Plaintiffs explicitly allege that the "layoff" label was a "disguise" for terminations for cause. (First Am. Compl. ¶¶ 5, 6, Dkt. No. 21.) Plaintiffs claim that Sapia, after years of good performance ratings, was outspoken in criticism of the principal at his school and given an unsatisfactory rating shortly thereafter. (*Id.* ¶¶ 19-25.) They further allege that although the reason given for Sapia's layoff was "low enrollment," he actually had 35 students in his class at the time he received his layoff notice and the school posted an opening for a position teaching his subject one month later. (*Id.* ¶¶ 27-29.) Similarly, Plaintiffs claim that Passmore openly opposed a school schedule change proposed by his principal, who was heard to threaten that she could fire tenured teachers. (*Id.* ¶ 40.) Courts in this Circuit have recognized that a tenured Illinois teacher's due process protection against termination may be triggered by employment actions falsely disguised as layoffs. *See, e.g.*, *Fennerty v. Bd. of Educ. of City of Chi.*, 577 F. App'x 599, 600 (7th Cir. 2014) (noting that the plaintiff teacher might have stated a claim for violation of her due process rights had she asserted that her purported layoff was actually a pretext for the school board to discharge her in retaliation for her union activity);[2] *Ferkel,* 45 F. Supp. 3d at 833 (distinguishing between a complaint alleging elimination of a teaching position as a pretext for termination for "cause," which could support a due process claim, from one alleging elimination of the position as a pretext for age discrimination, which does not). Drawing

---

[2] *Fennerty* is an unpublished Seventh Circuit order issued after January 1, 2007. Although not precedential, the order's reasoning is persuasive and provides a useful point of comparison here. *See* Fed. R. App. P. 32.1(a); 7th Cir. R. 32.1(b).

all reasonable inferences in favor of Plaintiffs here, the Complaint supports an inference that the "layoffs" were actually pretext for terminations for cause.

The Board argues that even assuming Plaintiffs have an interest protected by the Due Process Clause, they received all of the process due them by virtue of the union grievance procedures available to them. But the Board does not contend that those grievance procedures include the full range of rights and protections provided in detail by the Illinois School Code. *See* 105 ILCS 5/34-85. If Plaintiffs' changes in employment status were in fact terminations rather than layoffs, that statute provides the process they were due, and their allegations that they were not given that level of process must be taken as true at this stage. Therefore, although Plaintiffs do not state a claim for relief with the bare allegation that the Board used performance ratings to determine their eligibility for layoff, they do state a sufficient claim to the extent they allege that the Board's actions against them were not the result of a layoff necessitated by economic or enrollment, but instead were prompted by individual animus towards them.

Plaintiffs also base a due process claim upon the allegation that their later employment prospects were damaged by their changed status because the Board communicated that they had been deficient performers. (First Am. Compl. ¶¶ 173-76, Dkt. No. 21.) A public employee states a claim for infringement of a protectable interest in pursuing the occupation of his choice if he alleges that (1) he was stigmatized by the defendant's conduct, (2) the stigmatizing information was publicly disclosed, and (3) he suffered a tangible loss of other employment opportunities as a result of the public disclosure. *Townsend v. Vallas,* 256 F.3d 661, 669–70 (7th Cir.2001); *Grady v. Bd. of Tr. of N. Ill. Univ.*, 78 F. Supp. 3d 768, 779 (N.D. Ill. 2015). The Board argues that the ratings of Plaintiffs caused them no stigma and were unpublished; but those are factual matters that must be construed in Plaintiffs' favor at the pleadings stage. The Board further

contends that Plaintiffs have insufficiently alleged tangible loss of other employment opportunities. But Plaintiffs do allege that Passmore was unable to find an assignment other than as a substitute for more than two years and that Sapia and Hall were never able to find new positions. That is sufficient for now.

## CONCLUSION

For the foregoing reasons, the Court concludes that to the extent they claim that they were removed from their positions for reasons other than actual layoffs, Plaintiffs' complaint states a sufficient claim for relief. The Board's motion to dismiss (Dkt. No. 25) is accordingly DENIED.

ENTERED:

Dated: September 26, 2016     _____

Andrea R. Wood
United States District Judge