**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BENNETT SAPIA, JOEL PASSMORE and ANNETTE HALL, | ) ) ) | |
| Plaintiffs, | ) ) | No. 14 C 7946 |
| v. | ) ) | Judge Andrea Wood |
| BOARD OF EDUCATION OF THE CITY OF CHICAGO, | ) ) ) ) | Magistrate Judge Jeffrey Cole |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

The plaintiffs, three former tenured teachers who were laid off or terminated – that's a point of contention – based on unsatisfactory ratings, have issued subpoenas to two former, highly-placed officials with the Board of Education: Ron Huberman, CEO from 2009 to 2010; and Alicia Winckler, human resources director from 2009 to 2014. The subpoenas' topic is "the Board's consideration, adoption, implementation, and communications of and regarding its policies regarding teacher evaluations and teachers with unsatisfactory ratings." The Board has moved to quash those subpoenas, arguing that the two targets have no have no knowledge of the facts relating to the plaintiffs' layoffs/terminations or the facts relating to their unsatisfactory performance ratings. But unsupported statements in briefs are not evidence and do not count. *See, e.g., Woolard v. Woolard,* 547 F.3d 755, 760 (7th Cir.2008); *United States v. Stevens,* 500 F.3d 625, 628–29 (7th Cir.2007). The supporting Declaration of Ms. Winkler says she has "no direct" knowledge. Mr. Huberman did not file a Declaration. "Lawyers' talk is no substitute for data," *Phillips v. Allen,* 668 F.3d 912, 916 (7th Cir. 2012), and what has been filed is not in this case a sufficient basis to excuse the declarant.

Were the rule otherwise, few depositions would be allowed. *Johnson v. Jung,* 242 F.R.D. 481, 483 (N.D.Ill.2007). But the public is generally entitled to every man's evidence. *United States v. Jicarilla Apache Nation*, 564 U.S. 162 (2011). Even the President of the United States is not immune from deposition. *Clinton v. Jones*, 520 U.S. 681, 704–05 (1997). *See also Armada (Singapore) Pte Ltd v. Amcol Int'l Corp.*, 160 F. Supp. 3d 1069, 1070 (N.D. Ill. 2016).

For their part, the plaintiffs have filed a motion to compel discovery of documents and information: (1) agendas, administrative reports, videos, minutes, audio recordings and transcripts of its closed-session Executive Board meetings during which topics relevant to this suit were discussed, including the initial adoption and implementation of the illegal policy of using "layoffs" as pretext for disguised terminations; (2) information relating to the Board's policies and practices regarding "layoffs" in years 2010 and 2011 (one to two years prior to the Plaintiffs' "layoffs" in 2012); and (3) job postings and vacancy reports which list vacant teaching positions.

When they appeared here recently, it was clear the two sides had very different ideas regarding what this case was about, what Judge Wood's recent order had meant, and, consequently, what matters are relevant to their claims and/or defenses – relevancy under Rule 26 being largely a function of the claims and defenses in the case.

This seemed to stem from their competing interpretations of Judge Wood's order denying the Board's motion to dismiss, and developments in the docket that came thereafter. The parameters of discovery, of course, are delineated by the parameters of the case. Fed.R.Civ.P. 26(b)(1) allows discovery:

> regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant

information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

The discovery rules are not a ticket to an unlimited, never-ending exploration of every conceivable matter that captures an attorney's interest. *Vakharia v. Swedish Covenant Hosp.,* 1994 WL 75055 at *2 (N.D.Ill.1994)(Moran, J.). "Parties are entitled to a reasonable opportunity to investigate the facts-and no more." *Id.* Even before the limitation in Rule 26 that a party may obtain discovery on matters relevant to a claim or defense, the Supreme Court had cautioned that the requirement of Rule 26 that the material sought in discovery be "relevant" should be firmly applied, and that "judges should not hesitate to exercise appropriate control over the discovery process." *Herbert v. Lando,* 441 U.S. 153 (1979). *See also Oppenheimer Fund, Inc.,* 437 U.S. at 352. Failure to exercise that control results in needless and enormous costs to the litigants and to the due administration of justice.

Judicious use of the court's case-management authority during the litigation can help to check overlawyering, and appropriate limits on discovery can effectively channel the efforts of counsel *before* excessive time and resources are expended. *Montanez v. Simon,* 755 F.3d 547, 552 (7th Cir.2014). *Cf. Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007); Frank Easterbrook, *Discovery as Abuse,* 69 B.U.L.Rev. 635 (1989). *See also Hickman v. Taylor,* 329 U.S. 495, 507–508 (1947).

As it stands, with a second amended complaint and a pending motion to dismiss that complaint that is based in large part on Judge Wood's earlier Opinion, the case is in a state of flux and a ruling on these discovery motions would be premature, and may have to be revisited when Judge Wood rules on the new motion to dismiss. As such, briefing on the motions [Dkt. ## 146, 149] is suspended and they are denied without prejudice to the parties' refiling and briefing them

3

when Judge Wood resolves the pending motion to dismiss, and again defines the parameters of the case. A brief history of these proceedings should serve to illuminate this order.

In ruling on the Board's motion to dismiss the plaintiffs' first amended complaint, Judge Wood set out the parameters of this case – and thus, of discovery – at that time. She noted that, based on clear precedent, public employees like the plaintiffs have a protected interest in their jobs only if a contract or statute creates such an interest. [Dkt. #102 at 3, citing *Reid v. Nolan*, 663 F.3d 287, 296 (7th Cir. 2011)]. Judge Wood found that the Illinois School Code did not create such an interest and neither did the operative collective bargaining agreement between the plaintiffs and the Board. [Dkt. # 102, at 3]. Judge Wood stated that:

> Plaintiffs contend that the operative agreement for the purpose of defining that right is a 2007 collective bargaining agreement that by its own terms expired June 30, 2012 — *i.e.*, before any of the layoffs at issue. (2007 Collective Bargaining Agt., First Am. Compl. Ex D, Dkt. No. 21-4.) The successor agreement, effective July 1, 2012, explicitly made teachers with unsatisfactory ratings, regardless of tenure or seniority, first in the order of those to be laid off. (2012 Collective Bargaining Agt. Appx. H. at 273, Mot. to Dismiss Ex. D, Dkt. No. 25-4). Plaintiffs believe that the question of which agreement governs this dispute should be determined by the dates of their unsatisfactory performance ratings, and they argue that their view regarding the application of the 2007 agreement must be accepted as true at the pleading stage. But the Court is not bound to accept a pleader's allegations regarding the effect of an exhibit and instead may independently examine the document and reach its own conclusions on its proper construction. *Rosenblum v. Travelbyus.com Ltd.*, 299 F.3d 657, 661 (7th Cir. 2002). With this lawsuit, Plaintiffs seek relief for layoffs that occurred during the term of the 2012 agreement, not for their original performance ratings. Since the 2012 agreement explicitly allowed the layoff procedure at issue, it did not create employment expectations violated by that procedure.

[Dkt. #102, at 3-4]. Judge Wood went on, however, to allow that if the "layoffs" were actually "discharges," matters were different.

When the reasons driving a layoff are economic, she explained – say, decreased school enrollment – the Board can consider employee performance in determining who goes first. But if the Board is targeting a teacher solely for performance issues, the teacher has a protected interest and is entitled to due process. [Dkt. # 102, at 4-5, quoting *Ferkel v. Bd. of Educ. of City of Chi.*, 45 F.Supp.3d 824, 835 (N.D.Ill. 2014)]. Judge Wood determined that the p1aintiffs' allegations supported an inference that the "layoffs" in this case were actually pretexts for terminations based on performance. [Dkt. #102, at 6]. Although she found the plaintiffs "did not state a claim for relief with the bare allegation that the Board used performance ratings to determine their eligibility for layoff, they do state a sufficient claim to the extent they allege that the Board's actions against them were not the result of a layoff necessitated by economic or enrollment, but instead were prompted by individual animus towards them." [Dkt. # 102, at 6].

In the wake of Judge Wood's ruling denying the Board's motion to dismiss, the plaintiffs moved to file a second amended complaint. The plaintiffs removed all class allegations and, despite the court's ruling to the contrary, maintained the previous complaint's allegations that the controlling collective bargaining agreement applicable to the plaintiff's layoffs was the 2007-2012 agreement that expired prior to the layoffs at issue. The plaintiffs also added some allegations making it clear that this was their theory, unaffected by the court's ruling. [*See, e.g.,* Dkt. #126, ¶¶ 31-32, 75.]. The court granted the plaintiffs' leave to file the second amended complaint. [Dkt. #125]. It is now the subject of a motion to dismiss, which takes the plaintiffs to task for maintaining and adding to the claims the court previously found were not a part of this case. [Dkt. #136]. As such, as noted at the outset, judicial economy dictates that the relevance of the discovery now at issue await determination until after Judge Wood rules.

5

**ENTERED:** _____
**UNITED STATES MAGISTRATE JUDGE**

**DATE:** 5/15/17