**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| BENNETT SAPIA, JOEL PASSMORE and ANNETTE HALL, | ) ) ) | |
| Plaintiffs, | ) ) | No. 14 C 7946 |
| v. | ) ) | |
| BOARD OF EDUCATION OF THE CITY OF CHICAGO, | ) ) ) | Magistrate Judge Jeffrey Cole |
| Defendant. | ) ) | |

**MEMORANDUM OPINION**

The defendant, the Board of Education of the City of Chicago, has filed a motion to compel the plaintiffs to file verified answers to interrogatories as required by Rule 33(b)(3) and (5) and to set a discovery closing date. [Dkt. #200]. The plaintiffs have filed a response in which it now claims that all issues raised by the defendant's motion have been resolved and that the plaintiffs have now produced verifications and that they've agreed to a February 2019 discovery date. [Dkt. #203]. Indeed, the response largely seeks to place responsibility for any failures on the defendant. Thus, we are told that the plaintiffs' current lawyer and the defendant have always enjoyed a civil, professional and productive relationship. [Dkt. #203 at 2 ¶ 9]. The response to the motion then goes on to further accuse the defendant of not having communicated its decision to revisit its prior agreement on verifications other than a single email attached to its motions.[1] It concludes that, therefore, Local Rule 37.2 requires that the motion be denied as the defendant had not complied with

---

[1] The plaintiffs' lawyer admits that she "inadvertently neglected to respond to" the email. [Dkt. #203 at ¶ 6]. While she claims the matter could "easily" have been resolved with a phone call, unfortunately, the motion says, that call was never placed by defense counsel. Since a discovery close date has now been agreed upon and the verified answers have allegedly been filed, the plaintiffs contend the motion is moot. [Dkt. #203 at ¶ 6]. Unfortunately, the facts are not as they have been portrayed, and the motion in its entirety is not moot.

the Local Rule.

Of course, when the facts are viewed in their totality, the record tells a very different story than that portrayed by the plaintiffs' lawyers. In any event, Local Rules need not be followed in appropriate circumstances. As has repeatedly and consistently been held, a decision whether to apply the a Local Rule in a given case "strictly or to overlook any transgression is one left to the district court's discretion." *Little v. Cox's Supermarkets,* 71 F.3d 637, 641 (7th Cir.1995). *See also Schlacher v. Law Offices of Phillip J. Rotche & Associates*, P.C. 574 F.3d 852, 859 (7th Cir. 2009); *Waldridge v. American Hoechst Corp.,* 24 F.3d 918, 923 (7th Cir.1994); *Somlyo v. J. Lu-Rob Enterprises,* 932 F.2d 1043, 1048 (2nd Cir.1991); *Somlyo v. J. Lu-Rob Enterprises,* 932 F.2d 1043, 1048 (2nd Cir.1991). *Accord* Joseph Story, Miscellaneous Writings, 210 (1852).

In short, even if there has been a negligible violation (and, in this case, understandable) of Local Rule 37.2, as a matter of discretion I choose not to dismiss the motion.

**A.**

First, we address the discovery closing date issue. It's remarkable that at this late date there should even be a question of when discovery will end. The plaintiffs filed this case *four years ago.* In the parties' initial status report of December 12, 2014, the plaintiffs felt discovery would take about a year, and be completed in December 2015. Predictably, the defendant thought this excessive and estimated (quite unreasonably) that discovery could be completed six month after the court ruled on the motion to dismiss that it intended to file – assuming the court denied that motion. [Dkt. #14]. That ruling came on September 26, 2016 [Dkt. # 101], but along the way, on June 22, 2015, the court ordered discovery to proceed. [Dkt. # 40]. That would have put the defendant's date for the close of discovery just a month after plaintiffs', in January 2016.

Both deadlines proved to be illusory, as initial proposed discovery deadlines often are. Aside from a stay of about three months in early 2015 [Dkt. #15, #27], the parties have been at discovery for about 40 months, or three and a half years. Yet, as of July 3, 2018, they could not agree on a discovery cutoff date. [Dkt. #200]. Two days after the defendant filed its current motion, the parties finally agreed to February 2019 as the date for the closing of fact discovery. [Dkt. #203-2]. Expert discovery will follow according to the usual schedule as set forth in the accompanying minute order. Five years of discovery for this case is, to say the least, far more than enough to satisfy the parties' legitimate interests. *See BankDirect Capital Fin., LLC v. Capital Premium Fin., Inc.*, 2018 WL 946396, at *6 (N.D. Ill. 2018)(discussing proportionality in discovery under Fed.R.Civ.P. 26(b)(1)); *Sapia v. Bd. of Educ. of the City of Chicago*, 2017 WL 2060344, at *1 (N.D. Ill. 2017)(same). Or in the words of the Seventh Circuit, "enough is enough." *See generally Montanez v. Simon,* 755 F.3d 547 (7th Cir. 2014); *Williams v. Shinseki,* 373 Fed.Appx. 611 (7th Cir.2010); *Walker v. Sheahan,* 526 F.3d 973, 981 (7th Cir.2008); *Banos v. City of Chicago,* 398 F.3d 889, 893 (7th Cir.2005).

There will be no extensions of the closing dates for fact and expert discovery set forth in the accompanying minute order.[2]

---

[2] It should not be ignored that Local Rule 37.2 mandates not merely discussions in advance of the filing discovery related motions, but "good faith" discussions. "Chatting for a bit about a dispute and maintaining an untenable position at worst or a tenuous position at best, is not engaging in a good faith meet and confer." *W. Bend Mut. Ins. Co. v. Zurich Am. Ins. Co.*, 2018 WL 1736153, at *4 (N.D. Ill. 2018). *See also Gunn v. Stevens § . & Training Servs., Inc.*, 2018 WL 1737518, at *3 (N.D. Ill. 2018)("A party that steadfastly maintains a position without support is not engaging in a good faith discussion.");*Infowhyse GmbH v. Fleetwood Grp.*, 2016 WL 4063168, at *2 (N.D. Ill. 2016)(requirement to meet and confer "in good faith ... is not without meaning."). The fact that two days after it was filed, part of the Board's motion was effectively rendered moot, by virtue of the fact that the parties had agreed to a discovery closing date strongly suggests the parties had ignored the "good faith" requirement of the Local Rules.

**B.**

Now, on to the motion to compel verified answers to interrogatories. The plaintiffs concede that they served interrogatories that were not signed (let alone verified) by them. But, their lawyers stress, they had an agreement to file unsigned interrogatories, which, for a brief period until the signed answers to interrogatories could be filed, would serve as a stand-in. Of course, Rule 33 requires that each interrogatory, to the extent it is not objected to, be answered separately and fully "in writing under oath." Rule 33(b)(3). Yet, even when they served the supposedly verified answers, the plaintiffs' lawyers clearly and unmistakably violated the uncompromising command of Rule 33 since the interrogatories stated "these [answers] are true and *correct based on my attorney's review of the documents described and identified*...." (Emphasis supplied). This was not compliant with Rule 33. It was not the required sworn answer to the interrogatories by the witness as to the state of things being inquired about; it was merely a statement about what the plaintiffs' lawyers thought about. It wasn't the sworn answer that is required by the Federal Rules of Civil Procedure. It was, in essence, really a validation of what the attorneys thought or claimed they thought.

The deficiencies in the supposedly verified answers that have at last been filed goes back to a time long before the very recent unacceptable "verifications" were served. Apparently, the defendant originally agreed to accept unverified responses from the plaintiffs by June 15th. That was after two separate one-week extensions of the originally agreed date of May 30th. [Dkt. #202-2]. The defendant was to review the answers and then let the plaintiffs know whether and when any verifications would be needed. [Dkt. # 203-3]. On June 21st, the defendant emailed the plaintiffs and requested verification in seven days, or by June 28th. [Dkt. # 200-4]. That didn't happen, and the defendant filed its motion on July 3rd. By email on July 5th, the plaintiffs' counsel said she was

4

"perplexed to see [the] motion"[Dkt. #203-2, at 2]; but surely the plaintiffs did not think that the responses could remain unverified indefinitely.

In any event, the plaintiffs provided "verifications" on July 6th, over a month after the parties' original agreement allowed and three weeks after the extended deadline passed what they claimed incorrectly were appropriate answers. For the reasons discussed above, they were plainly insufficient under Rule 33(b)(5).

As discussed today in court, the plaintiffs are ordered to provide proper verifications by close of business on Friday, July 13, 2018.

The defendant's motion is granted as to verifications and moot as to a discovery closing date since the parties have now agreed to one. Fact discovery shall close, **without extensions of any kind**, by February 28, 2019. The minute order in this case shall set forth the schedule for the taking of expert discovery. There shall be no extensions of those dates.

## C.

The defendant's motion does not explicitly ask for attorneys' fees. It merely asks for "such other relief as this Court deems just." [Dkt. #200 at 4]. I do not deem this sufficient to constitute a request for attorneys' fees. However, the parties should be on notice that a proper request for fees by either side that is justified by the underlying circumstances will be granted. As Judge Easterbrook said in *Rickels v. City of South Bend, Indiana*, 33 F.3d 785, 786-87 (7th Cir. 1994):

> 'The great operative principle of Rule 37(a)(4) is that the loser pays.' Charles Alan Wright & Arthur R. Miller, 8 *Federal Practice and Procedure* § 2288 at 787 (1970). Fee shifting when the judge must rule on discovery disputes encourages their voluntary resolution and curtails the ability of litigants to use legal processes to heap detriments on adversaries (or third parties) without regard to the merits of the claims." (Parenthesis in original). *See also United States Freight Co. v. Penn Cent. Transp. Co.*, 716 F.2d 954, 955 (2nd Cir.1983)('General deterrence, rather than mere remediation of the particular parties' conduct, is a goal under Rule 37; unconditional

5

impositions of sanctions are necessary to deter 'other parties to other lawsuits' from flouting 'other discovery orders of other district courts.').

*See also Sambrano v. Mabus* 663 F.3d 879, 881-882 (7th Cir. 2011)("Sanctions such as orders to pay the other side's attorneys' fees may redress injuries done to put-upon adversaries....").

ENTERED: /s/ Jeffrey Cole
UNITED STATES MAGISTRATE JUDGE

**DATE:** 7/10/18