**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| BENNETT SAPIA, JOEL PASSMORE and ANNETTE HALL, | ) ) ) | |
| Plaintiffs, | ) ) | No. 14 C 7946 |
| v. | ) ) ) | |
| BOARD OF EDUCATION OF THE CITY OF CHICAGO, | ) ) ) | Magistrate Judge Jeffrey Cole |
| Defendant. | ) ) | |

**ORDER**

The defendant, Board of Education of the City of Chicago, has moved for a Protective Order prohibiting discovery from Luis Soria. [Dkt. #249]. Mr. Soria is a former network chief for the Board, who now lives and works in Massachusetts. The plaintiffs served him with a subpoena on November 19, 2018, requiring him to sit for a deposition and produce documents on a number of topics:

> 1. The Chicago Board of Education's adoption, implementation, and communications, including all emails, PPTs and training materials to principals and to you, regarding the Board's policy from 2010-2014 on teacher evaluations, using unsatisfactory ratings to layoff or terminate tenured teachers;
>
> 2. Your separation from the Board of Education;
>
> 3. All charges, complaints and claims filed against you with the Board, any agency, committee, court or tribunal or any person, by or concerning any alleged acts or omissions by you including disciplinary, discrimination, sexual harassment, grievances, unlawful termination.
>
> 4. All charges, complaints and claims filed against you with the Board, any agency, committee, court or tribunal or any person by any principal, teacher, psrp or employee of CPS.

>5. All communications between you on the one hand and with the Board of Education Adelfio Garcia or any person about Garcia or his claims against you.
>
>6. All communications between you on the one hand and with the Board of Education, [C.M.] or any person about [C.M.] or his claims against you.

[Dkt. #249-1, at 56].

Based on what we can learn from the Board's motion, Mr. Soria has not objected to the subpoena. "A witness is not the property of either party to a suit . . ." *Favala v. Cumberland Eng'g Co., a Div. of John Brown Inc.*, 17 F.3d 987, 990 (7th Cir. 1994). Thus, the obvious question is, what right does the Board have to stop the deposition? The Board has standing to quash the subpoena if it can show it infringes on the Board's legitimate interests. *United States v. Raineri*, 670 F.2d 702, 712 (7th Cir. 1982). The Board does not indicate what those legitimate interests might be, arguing only that the discovery sought is not relevant to plaintiffs' claims. The case the Board relies upon, *Uppal v. Rosalind Fraklin Univ. of Med. & Sci.*, 124 F. Supp. 3d 811 (N.D. Ill. 2015), involved a subpoena to a non-party to which, unlike here, *the non-party* objected. Indeed, the Opinion cited a number of cases for the proposition that a party lacks standing to challenge subpoenas issued to non-parties on the grounds of relevancy or undue burden. *Uppal*, 124 F. Supp. 3d at 815. As such, the only case the Board cites suggests that it does *not* have standing to move to quash the subpoena to Mr. Soria on the basis alleged. That's reason enough to deny the Board's motion; but, as the plaintiffs do not challenge the Board's standing in their response, we shall consider that argument waived, *Doe v. Vigo Cty., Indiana*, 905 F.3d 1038, 1044 (7th Cir. 2018), and look at the relevance of Mr. Soria's testimony and documents sought.

The Complaint, now in its fourth iteration, is about the termination of three named plaintiffs for cause, based on unsatisfactory ratings, under the guise of layoffs or reductions in force for cause based on allegedly unsatisfactory ratings. [Dkt. #212, Pars. 1-6]. Plaintiffs claim this was a policy the Board instituted in 2010. The named plaintiffs were all subjected to this alleged policy in 2012-13. [Dkt. #212, Pars. 15-76].

Relevancy under Rule 26, of course, is largely a function of the claims. Fed.R.Civ.P. 26(b)(1); *Sapia v. Bd. of Educ. of the City of Chicago*, 2017 WL 2060344, at *1 (N.D. Ill. May 15, 2017). Obviously, much of the topic list for the subpoena to Mr. Soria has nothing to do with the case or, at the very least, is not clearly relevant. Most topics can be eliminated summarily. Topic number two covers Mr. Soria's termination from the Chicago Public Schools. Plaintiff does not even attempt to explain how that is relevant. The same goes for topics 3 through 6 which address any claims made against Mr. Soria. Plaintiffs say nothing about how these topics are relevant to their false pretenses policy claim. Indeed, for much of their brief, plaintiffs do not even address these topics. [Dkt. # 254, at 1-13]. Perhaps claims that bear directly on the policy plaintiffs are challenging in this case could be – although that would call into question proportionality under Fed.R.Civ.P. 26(b)(1) – but the subpoena goes far afield from that.

Sexual harassment claims against Mr. Soria, and his purported retaliation for them, have nothing to do with the Board's alleged "unsatisfactory" layoff policy that this case is about. And plaintiff is unable to explain how the two might be connected, arguing only that Mr. Soria got rid of Mr. Garcia for rebuffing his sexual advances. [Dkt. # 254, at 14]. Even plaintiff specifically states that what is relevant are "facts show[ing] Plaintiff's pretextual 'unsatisfactory' rating and 'layoffs' were not simply the acts of rogue principals at their individual schools." [Dkt. # 254, at 2]. Mr.

3

Soria's testimony on topic one is about policy. The rest of the topics are about him alone and arguably fall into the "rogue" category that plaintiffs concede is not part of this case.

While it is true that evidence of discrimination by other supervisors in an individual discrimination case can be relevant, the inquiry is fact based and depends on many factors, including how closely related the evidence is to the plaintiff's circumstances and theory of the case. *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 388 (2008). Mr. Soria was an elementary school network chief; the plaintiffs were high school teachers. Mr. Soria purportedly told Mr. Garcia to implement the policy in 2014; the plaintiffs were subject to the policy in 2012. Mr. Garcia settled whatever claim he had against Mr. Soria three years ago. [Dkt. #248-2, at 20-21]. We take seriously the court's instructions in *Daher v. Sevier*, 724 F. App'x 461, 464 (7th Cir. 2018) that courts should protect witnesses from harassment or undue embarrassment. Plaintiffs make no attempt in their response brief to establish a sufficiently close relationship to open up the broad avenues of topic numbers two through six.

There is, the significant requirement that discovery be proportional to the needs of the case. Proportionality, like other concepts, requires a common sense and experiential assessment. *See, e.g., Begay v. United States*, 2018 WL 557853, at *10 (D.N.M. 2018)("Chief Justice Roberts' 2015 Year-End Report on the Federal Judiciary indicates that the addition of proportionality to Rule 26(b) 'crystalizes the concept of reasonable limits on discovery through increased reliance on the common-sense concept of proportionality.' "). Plaintiffs have enjoyed about four years of discovery in this case. That's more than enough to satisfy any legitimate interests. *Sapia v. Bd. of Educ. of the City of Chicago*, 318 F. Supp. 3d 1049, 1051 (N.D. Ill. 2018).

Even with all that investigation, the case remains about the layoffs of three individual teachers. There has been no class certification, nor even a motion seeking class certification. After four long years, it cannot be the case that Mr. Garcia's long-settled sexual harassment claim against Mr. Soria is now, suddenly, the plaintiff's Holy Grail. At least, it should not be under the circumstances of this case. The line of proportionality has likely already been crossed in this case. Broad discretion properly exercised suffices to distinguish between topic one and the balance of the subpoena rider.

Of course, courts have broad discretion in making discovery decisions, *Crawford–El v. Britton,* 523 U.S. 574, 598 (1998); *King v. Ford Motor Co.*, 872 F.2d 833, 838 (7th Cir. 2017), and we employ that discretion in drawing the line between topic one and the balance of the subpoena rider. What was said when this case was only on its Second Amended Complaint applies with even greater force now:

> The discovery rules are not a ticket to an unlimited, never-ending exploration of every conceivable matter that captures an attorney's interest. *Vakharia v. Swedish Covenant Hosp*., 1994 WL 75055 at *2 (N.D. Ill. 1994)(Moran, J.). "Parties are entitled to a reasonable opportunity to investigate the facts-and no more." Id. Even before the limitation in Rule 26 that a party may obtain discovery on matters relevant to a claim or defense, the Supreme Court had cautioned that the requirement of Rule 26 that the material sought in discovery be "relevant" should be firmly applied, and that "judges should not hesitate to exercise appropriate control over the discovery process." *Herbert v. Lando*, 441 U.S. 153 (1979). See also Oppenheimer Fund, Inc., 437 U.S. at 352. Failure to exercise that control results in needless and enormous costs to the litigants and to the due administration of justice.

*Sapia v. Bd. of Educ. of the City of Chicago*, No. 14 C 7946, 2017 WL 2060344, at *2 (N.D. Ill. May 15, 2017).

Fact discovery is now about to close, with expert discovery closing shortly thereafter. [Dkt. #204]. I have every confidence that that time will be utilized profitably and properly.

5

Accordingly, the defendant's Motion for a Protective Order [Dkt. # 249] is granted in part and denied in part. Plaintiff may depose Mr. Soria and obtain documents from him, but only on topic one.

ENTERED: /s/ Jeffrey Cole
UNITED STATES MAGISTRATE JUDGE

**DATE:** 1/11/19