# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| BENNETT SAPIA, JOEL PASSMORE and ANNETTE HALL, | ) ) ) | |
| Plaintiffs, | ) ) | No. 14 C 7946 |
| v. | ) ) ) | |
| BOARD OF EDUCATION OF THE CITY OF CHICAGO, | ) ) ) | Magistrate Judge Jeffrey Cole |
| Defendant. | ) ) | |

## MEMORANDUM OPINION AND ORDER

The defendant has filed its third motion to quash a subpoena in the last few weeks. The subpoena at issue this time, served on non-party Alicia Winckler, is a rerun of the subpoena the plaintiffs served on her in May 2017. [Dkt. # 146-2, #270-1, at 2/107]. There is, perhaps, no surer sign that a case has gone on too long – more accurately, that discovery has gone on too long – than when the parties have so exhausted topics to quarrel over that they return to previous topics from years past.

There is a general overriding public interest in the prompt resolution of legal disputes. *Gray v. Schaub*, 182 F.3d 921 (7th Cir. 1999); *Fort Howard Paper Co. v. Standard Havens*, Inc., 901 F.2d 1373, 1380 (7th Cir. 1990). Both lawyers and their clients must act with dispatch. *Kagan v. Caterpillar Tractor Co.*, 795 F.2d 601, 609 (7th Cir. 1986). There is not only a cost to the public at large, which is subsidizing a dispute resolution service, but to the other litigants waiting in the queue for the court's attention. *See Chapman v. First Index, Inc.*, 796 F.3d 783, 787 (7th Cir. 2015); *R-Boc Representatives, Inc. v. Minemyer*, 66 F. Supp. 3d 1124, 1130 (N.D. Ill. 2014). As discovery drags

on and on in one case, it takes time away from other cases that legitimately require the court's attention. Where, as here, a party's own lack of industry is to blame for that party's failure to timely secure information, it is not an abuse of discretion to deny relief to the party acting leisurely. *Gutierrez v. AT&T Broadband, LLC,* 382 F.3d 725, 733 (7th Cir. 2004).

In any event, the first subpoena was quashed pending Judge Wood's ruling on the defendants' motion to dismiss, which occurred on March 31, 2018. [Dkt. #197]. Whether or not Judge Wood's ruling forecloses inquiry into the subject matter targeted in the subpoena, the time for that inquiry would have obviously been ten months ago, not a month before the close of fact discovery. The Committee Notes to Fed.R.Civ.P. 26(b)(1983) could not be more pertinent: "The frequency or extent of use of the discovery methods [otherwise permitted under these rules] shall be limited by the court if it determines that . . . the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought. . . ." If the information was not so important to plaintiffs that they did not revisit the matter at the time my Order indicated they should [Dkt. # 158, at 3-4], yet another subpoena – especially to a non-party – is clearly out of proportion to the needs of this case. *See* Fed.R.Civ.P. 26(b)(1); *Sapia v. Bd. of Educ. of City of Chicago*, 2019 WL 166991, at *2 (N.D. Ill. Jan. 11, 2019); *Sapia v. Bd. of Educ. of the City of Chicago*, 318 F.Supp.3d 1049, 1051 (N.D. Ill. 2018). District courts are in the best position to decide the proper scope of discovery. *Walker v. Sheahan*, 526 F.3d 973, 978 (7th Cir. 2008).

My last Order from just two weeks ago said: "[f]act discovery is now about to close, with expert discovery closing shortly thereafter. I have every confidence that that time will be utilized profitably and properly." [Dkt. #265 at 5]. I was mistaken, proving once again that judges are not seers. *United States v. Porter*, 41 F.3d 68, 70 (2d Cir. 1994).

Accordingly, the defendants' motion to quash [Dkt. #270] is granted.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 1/23/19

3