**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BENNETT SAPIA, JOEL PASSMORE and ANNETTE HALL, | ) ) ) | |
| Plaintiffs, | ) ) | No. 14 C 7946 |
| v. | ) ) | |
| BOARD OF EDUCATION OF THE CITY OF CHICAGO, | ) ) ) | Magistrate Judge Jeffrey Cole |
| Defendant. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

The defendant has filed another motion for a protective order, asking the court to preclude depositions and strike requests to admit. The long and troubled history of this case need not be recounted at this late date. To paraphrase Hobbes, discovery has been nasty and brutish, but definitely not short. [Dkt. ## 50, 59, 67, 146, 149, 175, 177, 200, 209, 213, 231, 249, 261, 270]. Along the way, the attorneys have paid no more than lip service to Local Rule 37.2, which is amply demonstrated by the fact that, good faith compromises only seem to occur in this case once a motion is filed. It's happened with this motion. That, of course, turns the rule on its head. But that all ends in two weeks. There will be no extensions of the February 28th deadline – set way back in July of 2018 [Dkt. # 204] – for any reason. [Dkt. #283, at 6 ("Plaintiffs counsel's request to postpone the Garcia deposition scheduled for January 31, 2019 was reasonable and proper – the temperature was a dangerous -15 degrees."].

Leaving everything to the last minute while knowing about a deadline for seven months can and should have serious consequences. *See Spears v. City of Indianapolis*, 74 F.3d 153, 157 (7th Cir.

1996). "We live in a world of deadlines.... The practice of law is no exception." *Raymond v. Ameritech Corp.,* 442 F.3d 600 (7th Cir.2006). "Lawyers and litigants who decide to play by rules of their own invention will find that the game cannot be won." *United States v. Golden Elevator, Inc.,* 27 F.3d 301, 302 (7th Cir.1994). *See also Sapia v. Bd. of Educ. of the City of Chicago*, 318 F. Supp. 3d 1049, 1052 (N.D. Ill. 2018)("Fact discovery shall close, without extensions of any kind, by February 28, 2019.").

As for the current chapter in this struggle, after four long years, on December 14, 2018, the plaintiffs added twelves names of witnesses to their Rule 26(a) disclosures. They served Rule 30(b)(6) notices of deposition on that day as well. Then, on January 7, 2019, plaintiffs served defendant with deposition notices for nine of the twelve added witnesses. Some depositions have been taken, some remain. The parties' presentations in this matter – which are, to say the least, fevered – and the fact that they did not begin to negotiate until briefing on this matter began, make it difficult to follow exactly what is left at issue. But, it would appear that defendant wants to stop the depositions of Garcia (scheduled for February 22), Konapasek (February 25), and Bui-Watson (February 26). As those depositions have been scheduled prior to the close of discovery, the defendant's motion is denied as to them. That leaves several depositions/witnesses – Landowski, Nathan, Taylor, Lynch, Hernandez, Crump – which plaintiffs ignore in their response to defendant's motion. [Dkt. # 283, at 6-11]. As such, that portion of defendant's motion is granted.

In addition to the witness problem, there is also a request to admit problem. Plaintiffs served 55 requests to admit on the defendant on January 15, 2019. Defendant says this was unduly burdensome insofar as it also had to deal with the new witness depositions. It also says that paragraphs 35-55 are cumulative in view of the information in the Garcia declaration, although it

2

does not go into detail as to how. Amusingly, given the history of the case, the plaintiffs respond that "*[i]n the spirit of compromise*, [they] agreed to withdraw all requests except for Nos. 10-11, 22-23, and 28-33 and the Garcia requests." [Dkt. #283, at 11 (emphasis supplied)]. Although late, that will do, especially in view of the fact that defendant fails to develop its argument regarding the Garcia requests. Accordingly, the request to admit portion of defendant's motion is denied.

As for striking the witnesses not deposed but disclosed in December 2018, this part of the motion is premature and the submissions from both sides are woefully undeveloped. Courts do not sit to make arguments for a party that the party, itself, did not make. *Sanchez v. City of Chicago*, 700 F.3d 919, 934 (7th Cir. 2012). Rule 26(e)(1)(A) requires a party to supplement its disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Defendant doesn't say when the plaintiffs learned of the witnesses. [Dkt. # 275, at 5-6]. It's unclear from defendant's motion whether it attempted to depose any of the witnesses – Landowski, Nathan, Taylor, Lynch, Hernandez, Crump – unsuccessfully. [Dkt. # 275, at 3-4]. Plaintiffs claim that "[m]any of the 'new' witnesses identified were otherwise known to the parties, and Defendant's claims of 'surprise' are false and exaggerated." No support is provided for that position. [Dkt. #283, at 12].

Finally, as for whether plaintiff's failure to add these witnesses early is harmless under Rule 37(c)(1), there is no way to determine that at this point, with no trial date in the offing, and especially given the parties' skeletal submissions on this point. But when a party executes a witness dump of this size, with ten weeks to go in discovery, and then exacerbates it by eliminating two of those ten weeks for a vacation as plaintiffs did here [Dkt. # 276, Page 11/285], that party is, of course, playing

3

with fire. *See, generally, G & G Closed Circuit Events, LLC v. Castillo*, 2016 WL 3551634, at *6-8 (N.D. Ill. June 30, 2016).

The defendant's motion for a protective order and to strike witnesses and bar testimony [Dkt. #275] is granted in part and denied in part consistent with this Opinion.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 2/19/19