# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| BENNETT SAPIA, JOEL PASSMORE, and ANNETTE HALL, | ) ) ) | |
| Plaintiffs, | ) ) | |
| | ) | No. 14-cv-07946 |
| v. | ) ) | Judge Andrea R. Wood |
| BOARD OF EDUCATION OF THE CITY OF CHICAGO, | ) ) ) | |
| Defendant. | ) ) | |

## ORDER

Defendant Board of Education of the City of Chicago's Partial Motion to Dismiss [220] is granted. Plaintiff Joel Passmore's claims are dismissed with prejudice. Plaintiffs' renewed motion to strike affirmative defenses [222] is also granted with respect to Affirmative Defenses No. 7 and 8 only. Defendant shall have until April 20, 2020 to amend its Answer for the sole purpose of detailing the claims and issues it contends are covered with respect to Affirmative Defenses Nos. 7 and 8, if Defendant still desires to assert those defenses. See the accompanying Statement for details.

## STATEMENT

Before the Court are Defendant Board of Education of the City of Chicago's partial motion to dismiss the Third Amended Complaint ("TAC") (Dkt. No. 220) and Plaintiffs' renewed motion to strike affirmative defenses (Dkt. No. 222).

### I.    Background

The following facts are taken from the TAC and accepted as true for purposes of the present motion to dismiss. *See Pisciotta v. Old Nat. Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007).

Plaintiffs Passmore, Bennett Sapia, and Annette Hall claim they were working as tenured teachers within the Chicago Public School system ("CPS") when they were terminated based on the false pretext of poor ratings. The motion currently before the Court relates to the allegations against Passmore, in particular. He alleges that he was working as a tenured teacher at Dunbar High School in July 2012 when he received a layoff notice. (TAC ¶ 50, Dkt. No. 212.) Passmore further alleges that, even though he had received consistently good performance reviews during his 21 years as a teacher, he was rated unsatisfactory for the first time in June 2012 and subsequently laid off without the required hearings and evaluations. (TAC ¶¶ 46, 50.) According to Passmore, the unsatisfactory rating was a sham, as his principal actually targeted him for

dismissal because he spoke out against new practices the principal implemented at the school. (TAC ¶¶ 43–48.)

Passmore spent the following year in the Reassigned Teachers Pool ("the Pool"), with no reduction in pay, and was given a year to find another permanent tenured position within CPS. (TAC ¶¶ 39, 54.) Despite his best efforts, Passmore was unable to do so, and Defendant Board of Education of the City of Chicago ("Board") ended his employment with CPS on June 26, 2013 through Board Resolution 13-0626-RS9. (TAC ¶¶ 55–56.) Passmore contends that the Board intentionally implemented policies to dismiss teachers like him for cause without notice and an opportunity to challenge the basis for their terminations. (TAC ¶ 1.)

After filing their initial complaint on October 10, 2014, Passmore and the other Plaintiffs filed their First Amended Complaint ("FAC") to add class allegations on behalf of similarly-situated terminated teachers. (Dkt. No. 21.) The Court denied the Board's motion to dismiss the FAC but also found that Plaintiffs had stated a procedural due process claim only "to the extent they allege that the Board's actions against them were not the result of a layoff necessitated by economics or enrollment, but instead were prompted by the individual animus towards them." *Sapia v. Bd. of Educ. of the City of Chicago*, No. 14-cv-07946, 2016 WL 5391134, at *3 (N.D. Ill. Sept. 26, 2016).

Plaintiffs then filed a Second Amended Complaint ("SAC"), removing the class allegations. (Dkt. No. 126.) With respect to Passmore, the SAC alleged that he was issued a notice of layoff on ***July 9, 2012***, yet he nonetheless contended in response to a motion to dismiss that the relevant date for determining when his claim accrued for statute of limitations purposes is ***June 16, 2013***—*i.e.*, the end of Passmore's temporary assignment to the Pool. The Court disagreed and dismissed Passmore's due process claims as time-barred, granting in part the Board's motion to strike and dismiss portions of the SAC. (Dkt. No. 197.) In doing so, the Court found that "based on the allegations in the SAC, the injury about which Passmore complains is his termination from the tenured position on July 9, 2012—and not the termination that occurred after his temporary assignment to the reassigned teachers pool." (Mem. Op. at 12–13, Dkt. No. 197.) Plaintiffs' TAC now alleges that Passmore's termination was not finalized until the Board passed the Resolution ending his employment in the Pool.

## II.    Motion to Dismiss

To survive a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a complaint need not include detailed factual allegations, the plaintiff must "plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 885 (7th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Even so, a plaintiff need provide "only enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests, and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief." *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 764 (7th Cir. 2010).

The statute of limitations for a claim under 42 U.S.C. § 1983 in Illinois is two years. *O'Gorman v. City of Chicago*, 777 F.3d 885, 889 (7th Cir. 2015). A plaintiff's cause of action for alleged constitutional violations accrues when the plaintiff knew or should have known that his constitutional rights were violated. *Lawshe v. Simpson*, 16 F.3d 1475, 1478 (7th Cir. 1994). The constitutional violation of deprivation of public employment without due process accrues on the date the employment was terminated. *Id.* Here, Passmore was laid off from his position at Dunbar on July 9, 2012. The Board terminated his position as a tenured teacher in the Pool on June 26, 2013. Since Plaintiffs did not file their original Complaint until October 10, 2014, Passmore's claims are time-barred if the claims began to accrue on July 9, 2012. The Court finds that they did.

The alleged unconstitutional act in this case was the deprivation of a property interest—namely, the continuation of Passmore's employment—without procedural due process. Passmore contends that his employment did not actually terminate until June 26, 2013 because he did not lose pay and he retained his rights as a tenured teacher during the year he spent in the Pool. But the TAC still alleges that Passmore was laid off from his teaching position in 2012. Whether this termination was "under the guise of a layoff" does not change the fact that Passmore lost his position as a teacher at Dunbar on July 9, 2012.

Even if June 26, 2013, when the Board terminated Passmore's Pool position, were the relevant date for purposes of the statute of limitations, Passmore does not allege that he was denied any process with respect to his placement in the Pool. Nor does he allege that the Resolution dismissing him from the Pool was pretextual in nature. The basis for his procedural due process claim is still the lack of process he received with respect to his termination from Dunbar, **not** his termination from the Pool. All of Passmore's allegations regarding the lack of process —the bogus unsatisfactory rating, the lack of an evaluation, the failure to conduct two classroom observations etc.—relate to Passmore's termination from Dunbar. Thus, Passmore knew or should have known on the date of his termination from Dunbar that he had not been afforded the process he was due.

Passmore's cause of action therefore accrued on July 9, 2012, the date he was allegedly terminated without due process of law from Dunbar. Since he did not bring his due process claim until more than two years later on October 10, 2014, his due process claims are time-barred. Accordingly, the Court grants the Board's partial motion to dismiss.

### III.     Motion to Strike Affirmative Defenses

Plaintiffs have also brought a renewed motion to strike Affirmative Defenses Nos. 1, 3, 7, 8, and 9 from the Board's Answer to the TAC. The Board responded by withdrawing Affirmative Defenses Nos. 1, 3, and 9, noting that those defenses were included in error. The Court will therefore treat those defenses as withdrawn and consider only Plaintiffs' request to strike Affirmative Defenses Nos. 7 and 8.

Although Affirmative Defenses Nos. 7 and 8 purport to raise *res judicata* and issue preclusion, respectively, as defenses to Plaintiffs' claims in the TAC, the Board clarifies in its response brief that it intends to assert the separate defenses of claim preclusion and issue preclusion.[1] Plaintiffs assert that these defenses are barred by the Court's previous order denying the Board's motion for judgment on the pleadings, and that Affirmative Defense No. 8, which alleges issue preclusion, provides too little detail to put Plaintiffs on notice of the nature of the defense.

Affirmative Defense No. 7 states that "[t]o the extent that Plaintiffs' claims were or should have been raised in prior litigation, including in Northern District of Illinois Case No. 10-cv-4852, such claims are barred by the issue of res judicata." (Ans. at 48, Dkt. 219.) As noted above, the Court reads "res judicata" to mean "claim preclusion." Affirmative Defense No. 8, meanwhile, uses identical language except to state that such claims should be barred by issue preclusion. (*Id.*)

While Federal Rule of Civil Procedure 12(f) allows a court to strike an insufficient defense, motions to strike affirmative defenses are generally disfavored because they too frequently serve only to delay proceedings. *Heller Fin. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). Courts should therefore strike affirmative defenses "only when they are insufficient on the face of the pleadings." *Williams v. Jader Fuel Co., Inc.*, 944 F.2d 1388, 1400 (7th Cir. 1991) (internal citation omitted).

Here, while the Board does reference a specific instance of prior litigation, it does not identify the specific claims or issues that it claims are barred by claim or issue preclusion. While the Board does not need to describe these defenses in great detail, it does need to identify the specific issues and claims that it claims are precluded. The Board attempts to provide greater clarification in its response brief by contending that Plaintiffs here were in privity with the plaintiffs in the previous litigation. But what matters is that it is not clear from the pleadings which issues or claims the Board seeks to preclude. *See, e.g., Ocean Atl. Woodland Corp. v. DRH Cambridge Homes, Inc.*, No. 03-cv-02523, 2003 WL 1720073, at *10 (N.D. Ill. Mar. 31, 2003) (granting in part a motion to strike were defendants failed to identify the issues sought to be precluded and whether determination of those issues was essential to the final judgment). Accordingly, the Court grants Plaintiffs' motion to strike these defenses without prejudice to the Board amending its answer to correct this deficiency.

---

[1] Claim preclusion and issue preclusion both fall under the broader doctrine of *res judicata*, which precludes parties from contesting matters that they already have had a full and fair opportunity to litigate. *See Taylor v. Sturgell*, 553 U.S. 880, 892 (2008).

### III.    Conclusion

For the reasons explained above, Defendant's partial motion to dismiss is granted; Passmore's due process claims are dismissed with prejudice. Plaintiff's motion to strike is granted. Defendant shall have until April 20, 2020 to amend its Answer for the sole purpose of detailing the claims and issues it contends are covered with respect to Affirmative Defenses Nos. 7 and 8, if the Board still desires to assert those defenses.

Dated: March 30, 2020

Andrea R. Wood
United States District Judge